*W. R. Pierse* and *H. D. Thompson*, for appellant.

*J. W. Sansbury*, for appellees.

---

* * *

## Metzer v. The State.

EVIDENCE.—*Cross Examination.—Conversation.—Criminal Law.*—Where, on the trial of an indictment for larceny in the stealing of a coat, a witness on examination in chief has detailed part of a conversation with the defendant, in relation to the subject-matter of the action, on cross examination it is competent to introduce all that was said in the conversation material to the case.

A witness having testified, in such an action, that he had charged the defendant with having stolen the coat, it was proper for the witness, on cross examination, to give the answer then made by defendant.

SAME.—*Parol Evidence.—Record.*—If evidence of a plea of guilty of a defendant before a magistrate on preliminary examination on a charge of felony be admissible on a final trial of an indictment for such felony, parol evidence of such plea should be excluded, until it has been shown that no entry thereof was made by the magistrate.

APPEAL from the Wayne Criminal Court.

DOWNEY, J.—The appellant was indicted of larceny for stealing a coat of the alleged value of ten dollars, and on plea of not guilty was tried by a jury, and found guilty; was denied a new trial, and sentenced to pay a fine of five dollars and be imprisoned in the state prison for two years. He appeals, and has assigned for error the overruling of his motion for a new trial. On the trial, one Henry Hill testified, on behalf of the State, that on Wednesday after the

Metzer v. The State.

coat was said to have been stolen, he met the defendant east of Richmond about one and a half miles, on the national road, and recognized the coat as the coat of Albert Hill, which the defendant then had on, and that the witness then told defendant that it was the coat of said Albert Hill, and that it had been taken or stolen from the said Albert; and on the cross examination of said witness, the defendant asked said witness if said defendant did not tell him in said conversation, and as a part thereof, that he, defendant, had purchased said coat in Richmond; to which question and evidence the State objected, and the court sustained the objection. To this ruling of the court the defendant excepted. Counsel for the appellant contends that, as the State introduced evidence of part of the conversation, he had then the right, on cross examination, to go fully into all that was said in the conversation material to the case. The fact that the coat was found in the defendant's possession soon after it had been stolen, required that the defendant should explain how he came by it, and what he said in that conversation, and proposed to be proved, was competent to go to the jury for what it was worth as evidence for that purpose. It is a general rule that when part of a conversation, admission, or confession has been given in evidence against a party, he may, on a cross examination, or by fresh evidence from his own witnesses, prove the residue of the same conversation, admission, or confession, so far as it relates to the same transaction. The proposed cross examination was proper, and should have been allowed; that it was designed to prove what the prisoner said in his own favor, was no objection to it. Those parts of a conversation or confession which are against a party cannot be given in evidence, without opening the door for those parts which are favorable to him, and they may be called out by a cross examination of the same witness by whom the unfavorable parts have been narrated. 1 Greenl. Ev., secs. 201, 218, 449; *Rouse* v. *Whited,* 25 N. Y. 170.

The State offered to prove by parol that when the de-

fendant was arrested and taken before the mayor for a preliminary examination, the affidavit was read to him, and that he pleaded guilty thereto. The defendant objected to this evidence, because, if such was the fact, it should be proved by the mayor's record of such proceeding and plea. The court overruled the objection, and the evidence was given, to which the defendant excepted. If there was a plea of guilty, under the circumstances, we should presume that it was entered on the docket, as it would have been the mayor's duty to have so entered it on his docket. Until it had been shown then that there was no such entry made by the mayor, we think the parol evidence should have been excluded. It is a familiar rule of law that parol evidence is not admissible to prove that which legally exists of record. 1 Greenl. Ev., sec. 86. We decide nothing as to the admissibility or effect of the confession or plea of guilty before the mayor, if any such confession or plea was made.

The judgment is reversed, and the cause remanded, to be certified to the warden of the state prison.

*T. J. Study,* for appellant.

*D. W. Mason* and *B. W. Hanna,* Attorney General, for the State.

