**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Spencer Grant WOLFF, Defendant-Appellant.**

**No. 17183.**

United States Court of Appeals Seventh Circuit.

April 8, 1969.

Dennis J. Horan, Chicago, Ill., for defendant-appellant.

Alfred W. Moellering, U. S. Atty., Hammond, Ind., for plaintiff-appellee.

Before FAIRCHILD, and CUMMINGS, Circuit Judges, and HOLDER, District Judge.*

HOLDER, District Judge.

Spencer Grant Wolff was convicted in a bench trial for the offense of transporting or causing to be transported a stolen 1968 Jaguar motor vehicle on or about May 2, 1968 from the City of Norwalk, State of Connecticut, to the City of Hammond, State of Indiana, he then and there knowing the vehicle to have been stolen in violation of 18 U.S.C. Section 2312.

Defendant relies upon alleged reversible errors in the trial of the receiving into evidence over objection of other offenses and the opinion of a non-expert witness of irregularities of a motor vehicle registration certificate issued by the State of Connecticut. Error is also asserted for a reversal of the judgment because of the untimely appointment of legal counsel and the receiving into evidence of admissions made by defendant while in custody of the State of Indiana and the United States which are claimed to be in violation of his Sixth Amendment to the United States Constitution rights to legal counsel. We affirm the judgment of conviction.

A review of the pertinent evidence in the trial and other matters from the record is necessary. The 1968 Jaguar was last seen on April 18, 1968 by its owner's employees parked in front of the owner's auto sales agency place of business in the City of Norwalk, State of Connecticut. It was reported missing by the owner to the local police on the morning of April 19, 1968. The defendant was identified as being in the place of business seeking to sell a set of wire wheels of a M. G. motor vehicle at a time several weeks before April 18, 1968. Defendant testified he drove the Jaguar from in front of the owner's place of business on the evening of April 19, 1968 but he believed his father had purchased it for him. The Jaguar equipped with Connecticut license plates issued to his father was in the State of Michigan in late April 1968 and was being operated by the defendant where he remained at the home of a recent acquaintance for twelve days. During this time, the defendant had an operator's license in the name of Brent Cederstrom of 779 S. 9th Street, Salt Lake City, Utah, and otherwise represented himself to be Brent Cederstrom. Defendant operated the Jaguar from the State of Michigan to a motel in the City of Hammond, State of Indiana, and was accompanied by another recent acquaintance whom he met in the State of Michigan. The passenger testified that defendant told him that the Jaguar belonged to his deceased brother and he was enroute to the State of California to deliver it to his mother. Defendant in trial testified that his mother resided at and was employed in the State of Connecticut and that the night he obtained the Jaguar from his father he left for the State of California for a job after an altercation with him. Defendant registered in the motel under another

---

* District Judge from the United States District Court for the Southern District of Indiana is a member of the panel by designation of the United States Court of Appeals for the Seventh Circuit.

assumed name of James F. Wade of 14310 Ocean Avenue, Santa Monica, State of California, and falsely listed in such registration that he was operating a M. G. vehicle bearing California license plates numbered YL 461. Defendant testified the assumed names and registration were done for the purposes referred to later in the opinion. On May 2, 1968 at about 3:15 A.M., the local police department was requested by the internal security officer of the motel to investigate an incident concerning the theft of certain luggage. An officer was dispatched to the motel where he conducted an investigation. The defendant was involved in the investigation and gave his name as Brent Cederstrom; advised the officer that the Jaguar belonged to his brother and was being transported by defendant to California; and, after producing a State of Connecticut motor vehicle certificate of registration for a 1967 vehicle containing a motor number of a M. G. motor vehicle which defendant represented to be for the 1968 Jaguar, the defendant placed a phone call and caused the officer to talk to a person who identified himself as the defendant's father and confirmed defendant's statement as to the Jaguar. The officer searched the Jaguar and his motel room and arrested the defendant for an offense against the Property Act of the State of Indiana. Because the defendant was in custody, the Jaguar was taken into protective custody at the time of defendant's arrest and the officer continued his investigation as to the Jaguar's ownership. On May 5, 1968, a police officer of the City of Bridgeport, State of Connecticut, arrived in the City of Hammond. He interviewed the defendant while in custody for the Indiana charge stating to the defendant that he came to Indiana at the behest of a professional bondsman to ascertain why the defendant jumped bond posted by the defendant in Connecticut. This officer testified in the trial that Brent Cederstrom was the defendant, Spencer Grant Wolff, and that the defendant stated that he and a friend went to the City of Norwalk, State of Connecticut, took the Jaguar and drove it to the City of Hammond, Indiana. The defendant denied such admission in trial.

On May 10, 1968, a complaint was filed by the United States of America against the defendant charging him, with the offense for which he was later indicted and the conviction of which is now in issue. A special agent of the Federal Bureau of Investigation, in the excusable absence of the United States Marshal, went to the jail, took custody of the defendant and transported him to the office of the United States Commissioner for the statutory hearing. While enroute, the special agent duly explained to the defendant his rights. The special agent had no intention to and did not interrogate the defendant, but the defendant volunteered the statement that he knew a Jaguar was stolen although he said he did not know how his father's license plates got on the car. Defendant in trial denied making the admission. The defendant testified in his own behalf and alluded to the Connecticut offenses and his jumping bail posted for his court appearance in connection therewith with definitive defensive purpose. Upon rendering decision the court made the following statement:

"THE COURT: * * *, there is no doubt that this car was stolen * * * from in front of the Overton Auto Sales in Norwalk, Connecticut. It next shows up in the possession of the defendant in Hammond, Indiana * * * some days later. Exculpatory statements * * * of the manner in which the car came into possession are evidence which may be considered. The defendant told the Office that this was a car of his brother's; * * *. He was taking it to California * * * he told Richard Zamarron also that it was his brother's car and he was taking it from Connecticut to California. He now says that the car was purchased by his father; that he drove it away from in front of Overton's Automobile Agency * * * with license plates

already affixed, and his father handed him a certificate of registration on the evening of the 19th * * * which was some ten or twelve hours after the car had been reported stolen * * *. Aside from the confessions which he made to Agent Standifer and Officer Carroll, the certificate of registration would seem to me to be sufficiently incriminating to remove all doubt. It is quite apparent that this certificate of registration has been changed, but the most significant thing is that the seller's name is listed as Winner's Motors, Inc. at 1425 Barman Avenue, Stanford or Stratford, Connecticut; whereas defendant says himself that the car was picked up in front of Overton's salesroom in Norwalk, Connecticut. * * * the exculpatory statements and the explanation which the defendant makes here today and which he has made on various other occasions defy reason and cannot be considered by this Court as a reasonable explanation of why he had this stolen car in his possession when he was picked up in Hammond * * *. For that reason, the Court finds the defendant guilty as charged. * * *."

▆▆▆ The claimed error as to the receiving into evidence of the references to the Connecticut crimes of defendant and as to his violation of the Connecticut appearance bond is unfounded. The defendant having testified in his own behalf concerning the Connecticut offenses and the bail bond violation affirmatively sought to prove thereby that he had no guilty knowledge and intent to commit the crime here in issue that resulted by inference from his possession in Indiana. Defendant explained he used assumed names and false motel registration of a different vehicle "to evade detection—as to who I actually was—being found out —jumping bond in the State of Connecticut". He further testified that there were pending charges in the State of Connecticut of auto theft and reckless driving for which he had posted the appearance bond. The record clearly shows that the defendant voluntarily chose to

testify in a bench trial in order to present matters previously undisclosed to the effect of his belief that his father provided and purchased the Jaguar for him. In this connection the pre-trial and post trial record discloses that the defendant sought to produce his father as a witness but because of his ill health, and protestations to defendant's counsel that he knew of no material facts to aid his son the defendant abandoned such witness and testified in his own behalf. It is well settled that the defendant's reference to or use of a claimed erroneously admitted line of evidence waives the error. United States v. Silvers, 374 F.2d 828 at page 832 (7 CA 1967). Moreover, this circuit adheres to the rule that on appeal it will be assumed that the court in a bench trial considered only evidence properly admitted. United States v. David, 107 F.2d 519 at page 522 (7 CA 1939), and United States v. Menk, 406 F.2d 124 (7 CA 1968). The experienced trial judge's quoted observations in this opinion made at the end of the trial certainly support the soundness of the rule. It is clear that the evidence of the other Connecticut offenses was placed in the proper perspective by the trial court and in fact played no part in his judgment. This principle as applied by the trial judge is also supported in the circuit. United States v. Oliver, 363 F.2d 15 (7 CA 1966).

▆▆▆ Likewise and for the same reasons recited as to the Connecticut offenses the claimed error of permitting the testimony of the Indiana officer concerning the May 2, 1968 Indiana offense is unfounded. The evidence was properly admitted. The officer was investigating two crimes at the same time and the arrest of the defendant was explanatory of the reason for taking the Jaguar into protective custody. The disclosure of the Indiana crime in this case was only incidentally and necessarily disclosed in evidence while the evidence was elicited of the officer conducting the investigation of the ownership and possessory rights of defendant in the Jaguar. See

Shelton v. United States, 205 F.2d 806 (5 CA 1953).

■ The claimed error with respect to the opinion testimony of the auto salesman from Connecticut as to certain irregularities in the purported Connecticut registration certificate for the Jaguar is insufficient and an unsubstantial error to support a reversal of the judgment. United States v. D'Antonio, 362 F.2d 151 at page 155 (7 CA 1966). The quoted observations of the court in this opinion made at the time of rendering his judgment disclose that he did not rely upon the opinion evidence. The registration certificate for a 1967 vehicle, concerning which the challenged opinion was given, is before this court. It is plain therefrom that the opinion of the witness need not be considered. The certificate on its face shows it is not as represented by the defendant to cover the 1968 Jaguar for, among other reasons, it lists a 1967 vehicle. The defendant incurred no trial prejudice by this opinion testimony.

The federal indictment was returned on May 23, 1968 and the record discloses that counsel was appointed by the district court on May 29, 1968 after defendant stated he had no attorney. The defendant has taken the factual position in his brief that he was unrepresented by legal counsel from May 2, 1968 to May 29, 1968. This representation in the defendant's brief is accepted as factual for the reason that the critical period of time involved in defendant's claim of error, based on the alleged denial of his Sixth Amendment right to legal representation, is between May 2, 1968 to the time on May 10, 1968 when he was in the custody of the special agent of the Federal Bureau of Investigation. Defendant's specific claims pertain to the admissions made by him in the interview with the Connecticut police officer on May 5, 1968 while in the custody of the Hammond police without benefit of counsel, and to the admissions made by him to the special agent of the Federal Bureau of Investigation while in his custody on May 10, 1968. Defendant asserts no preju-

dice by not having counsel in the Commissioner's proceedings, or thereafter.

■■ The admissions of defendant on May 10, 1968 to the special agent were voluntarily made by defendant and were unsolicited by the agent at a time when he was unrepresented by counsel and had been in the custody of the federal government for a short time and before indictment. They were properly admitted into evidence. United States v. Gardner, 347 F.2d 405 at page 407 (7 CA 1965); and United States v. Garcia, 377 F.2d 321 (2 CA 1967), cert. denied 389 U.S. 991, 88 S.Ct. 489, 19 L.Ed.2d 484. The admissions of the defendant as to the federal offense before he was charged to the Connecticut police officer on May 5, 1968 while being interrogated when in custody of the State of Indiana concerning the reason for defendant's jumping bond posted in Connecticut were properly admitted into evidence. United States v. Garcia, supra. Defendant admits the special agent and Connecticut officer duly warned defendant of his rights and does not claim defendant's rights were denied in this respect. The defendant was experienced and informed in the matter of his Sixth Amendment right to counsel at all times in question. He was experienced in this regard from his Connecticut litigation and he was reminded of such rights on May 2, 1968, May 5, 1968, and May 10, 1968 and fully understood such rights. During the eight days in question, the record discloses no request by the defendant for counsel, nor did he otherwise exercise his right to counsel. During such time, he was not subjected to trickery or undue questioning on the part of the officers. We conclude the defendant has had the full benefit of his Sixth Amendment right to counsel.

Mr. Dennis J. Horan of the Chicago Bar has rendered valuable service as court-appointed counsel, and we thank him for his painstaking preparation of briefs and his oral argument in this case.

Affirmed.