Michael GRAHAM, Appellant,

v.

STATE of Indiana, Appellee.

No. 281S36.

Supreme Court of Indiana.

May 28, 1982.

Susan K. Carpenter, Public Defender, Indianapolis, Kurt A. Young, Sp. Asst. Public Defender, Speedway, for appellant.

Linley E. Pearson, Atty. Gen., Dan S. LaRue, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Appellant Graham was convicted of three counts of forgery, Ind.Code § 35–43–5–2 (Burns 1979) at the conclusion of a jury trial in the Sullivan County Circuit Court on September 9, 1980. The jury then found Graham guilty of being an habitual offender, Ind.Code § 35–50–2–8 (Burns 1979 & Supp. 1981). He was sentenced to three concurrent five year terms for the forgery convictions, and to an additional thirty year term for being an habitual offender. This

appeal followed challenging the legality of Appellant's habitual offender conviction.

On September 28, 1976, Appellant pleaded guilty and was convicted of uttering a forged instrument. On September 4, 1979, Graham was further convicted of one count of forgery. This conviction was upon proof that Graham forged his grandfather's signature to a check drawn on his grandfather's bank account for one hundred dollars and payable to Key Market. Graham cashed the forged check on February 9, 1979. He was sentenced for this conviction on September 11, 1979. On September 14, 1979, Graham was charged with three additional counts of forgery and with being an habitual offender. Graham was thereafter convicted of these forgery counts upon proof that he forged his grandfather's signature to three checks, each drawn against his grandfather's bank account for one hundred dollars and made payable to Shurway Market. Graham cashed these forged checks separately on February 5, 1979, February 9, 1979, and February 28, 1979. It is conceded by the State that the conduct which resulted in Appellant's third felony conviction occurred prior to Graham's conviction and sentencing for his second felony offense. The issue before us is whether the State has properly attributed to the Appellant the requisite felony convictions necessary to sustain Appellant's habitual offender conviction according to the dictates of Indiana's habitual offender statute.

Ind.Code § 35–50–2–8 (Burns 1979 & Supp.1981) in pertinent part:

"(a) The state may seek to have a person sentenced as an habitual offender for any felony by alleging, on on a page separate from the rest of the charging instrument, that the person has accumulated two [2] prior unrelated felony convictions.

(b) After he has been convicted and sentenced for a felony *committed after sentencing for a prior unrelated felony conviction*, a person has accumulated two [2] prior unrelated felony convictions...." (emphasis added).

"The purpose of our habitual criminal statute is to give offenders due warning by conviction, sentencing and imprisonment of the consequences of persistence in criminality...." *Miller v. State,* (1981) Ind., 417 N.E.2d 339, 342; *Cooper v. State,* (1972) 259 Ind. 107, 114, 284 N.E.2d 799, 803. The statutory intent is to provide for the enhancement of sentences "to more severely penalize those persons whom prior sanctions have failed to deter from committing felonies." *Miller,* 417 N.E.2d at 342; *Ferguson v. State,* (1980) Ind., 405 N.E.2d 902, 909.

 .We have previously held that to sustain a conviction under this statute, the State must show that the defendant had been previously *twice convicted* and *twice sentenced* for felonies, that the commission of the second offense was subsequent to his having been sentenced upon the first and that the commission of the principal offense upon which the enhanced punishment is being sought was subsequent to his having been sentenced upon the second conviction. *Miller, supra,* 417 N.E.2d at 342. Our statute clearly requires this interpretation. Section (b) states that a second requisite felony can only be established by "a felony committed after sentencing for a prior unrelated felony." Our holding in *Miller* simply follows this statutory scheme by requiring that the third requisite felony be established only by a felony committed after separate sentencings for two prior unrelated felonies. This is consistent with the legislative intent that criminal offenders be afforded a reasonable opportunity to be rehabilitated by our criminal justice system. Punishment will be enhanced only when a person who has been given two distinct opportunities to reform persists in his criminality and commits a third separate and unrelated felony act thereby proving himself incorrigible and a most serious threat to our society.

 It is evident from the facts of this case that *Miller* is dispositive. The commission of Appellant's third felony was not subsequent to his having been convicted and sentenced for his second felony offense. We therefore hold that sentencing as an habitual offender is improper where the commission of the requisite third felony was

not subsequent to conviction and sentencing for the second felony offense. The judgment and sentence on Appellant's habitual offender charge is vacated while the judgment of the trial court is affirmed in all other respects.

GIVAN, C. J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.