James ST. MOCIERS, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 1282S514.

Supreme Court of Indiana.

Feb. 8, 1984.

Rehearing Denied April 18, 1984.

Donald W. Pagos, Michigan City, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, James St. Mociers, was convicted of burglary, a Class C felony, Ind.Code § 35–43–2–1 (Burns 1983 Supp.) and of being a habitual offender, Ind.Code § 35–50–2–8 (Burns 1983 Supp.). The defendant was sentenced to a total of thirty-five years imprisonment. He raises the following five issues in this direct appeal:

1. Whether the evidence was sufficient to sustain the defendant's conviction for burglary;

2. Whether the evidence was sufficient to sustain the jury's conclusion on the habitual offender count;

3. Whether the trial court erred in allowing evidence of more than two prior felony convictions;

4. Whether reversible error occurred during opening argument and instructions on the habitual offender count; and

5. Whether the trial court erred in stating that the sentences for burglary and for being a habitual offender would be served consecutively.

The facts most favorable to the state show that on August 11, 1980, a silent alarm notified the Michigan City Police Department of a possible burglary in progress at a car dealership. The policeman responding to the alarm found a panel missing from a garage door and saw two large tool boxes outside the door. The policeman observed a man, later identified as the defendant, standing over one of the boxes, apparently trying to move it. The defendant ran when he saw the policeman but was later captured.

I.

The defendant first argues that the evidence was insufficient to sustain a conviction for burglary. This argument is predicated on the fact that no fingerprints or footprints were found inside the building and on the fact that the tool boxes weighed 250 pounds and were thus too heavy for one man to move.

Our standard of review for sufficiency of evidence issues is well established. We will neither reweigh the evidence nor judge the credibility of witnesses. Rather, we look at all the evidence most favorable to the state and all reasonable inferences drawn therefrom to determine whether there is substantial evidence of probative value to support the conclusion of the trier of fact. *Walker v. State*, (1982) Ind., 442 N.E.2d 696; *Fielden v. State*, (1982) Ind., 437 N.E.2d 986.

The state needed to prove that the defendant (1) broke, (2) entered, (3) the building or structure of another, (4) with intent to commit a felony. In this case the evidence was sufficient to establish all of the elements. Testimony at trial showed that the automobile dealer used a light beam sensor type of alarm system and that

it was activated by someone entering the building. The defendant told an officer that he thought the building did not have an alarm. Further testimony established that the investigating officer found a panel missing from a garage door and the two tool boxes that were normally kept in the garage were found outside. The investigating officer first observed the defendant bending over a tool box and attempting to move it. Marks were found inside the garage on the floor, indicating that the boxes had been dragged. The defendant told the arresting officers that he was with another, thus providing a possible explanation as to how the heavy boxes were moved. From all of this, the jury could reasonably infer that the defendant committed burglary.

## II.

The defendant also contends the evidence was insufficient to establish that the defendant was a habitual offender. As stated above, this Court will not weigh the evidence nor judge the credibility of witnesses. We look to the evidence and the reasonable inferences that support the verdict to determine if there is probative evidence from which the trier of fact could find the defendant to be a habitual offender. *Twyman v. State,* (1982) Ind., 431 N.E.2d 778.

The state offered evidence of several prior felony convictions to establish that the defendant was a habitual offender. State's exhibit number 15 consisted of a certified copy of a sentencing order for a 1965 conviction for burglary. The named defendant on this order was James Peterson. State's exhibit number 17 was a certified copy of a docket sheet showing the defendant was convicted and sentenced in 1974 in federal court for illegally possessing a firearm. State's exhibit number 18 was a certified copy of a 1974 sentencing order for the crime of entering with intent to commit a felony. State's exhibit number 19 was a certified copy of a 1974 sentencing order for another charge of entering with intent to commit a felony. This exhibit also contained the charging informations. State's exhibit number 20 consisted of a certified copy of records from the Department of Correction showing that the defendant was convicted and sentenced in 1978 for theft. Exhibit 20 contained two pictures of the defendant and his fingerprints as well.

In addition to the above exhibits the state also introduced the testimony of a fingerprint specialist from the Indiana State Police. This witness testified that the fingerprints on state's exhibit number 18 matched those on state's exhibit number 21, which were fingerprints taken at the time of the defendant's arrest in 1965 for burglary. The witness also testified that the fingerprints on state's exhibit number 14, taken at the time of defendant's arrest in 1980 for burglary, matched the fingerprints taken when the defendant was arrested for the present charge. Exhibit number 14 also contained a picture of the defendant. Finally, the witness testified that the fingerprints on state's exhibit number 18 matched those on cards from the 1974 and 1978 convictions.

From all of this we feel there was sufficient evidence for the jury to conclude the defendant had two prior felony convictions. While it is true, as the defendant asserts, that certified copies of judgments and commitments by themselves may not be sufficient to establish two prior felony convictions, *see Smith v. State,* (1962) 243 Ind. 74, 181 N.E.2d 520, there was sufficient supporting evidence here to uphold the jury's conclusion. Therefore no reversible error exists.

## III.

The defendant next contends the trial court erred in allowing evidence of more than two prior felony convictions to prove that the defendant was a habitual offender. The defendant alleges that he was prejudiced because the state, in its opening argument, contended it would prove nine prior felonies. The state, however, offered evidence of only six.

We have previously held that proof of three or more felony convictions should be treated as surplusage. *Hall v. State,* (1980) Ind., 405 N.E.2d 530; *Jessup v. State,* (1971) 256 Ind. 409, 269 N.E.2d 374. It follows that if actual proof of more than two felonies is treated as surplus, it is not reversible error to allege excess felonies, even though they are not subsequently proved. The defendant has failed to show that the state intended to prejudice the jury or that the jury was in fact prejudiced. Therefore, there is no error.

### IV.

During the opening argument in the habitual offender portion of trial the prosecutor stated that "as the jury, if you find that I have proven to you beyond a reasonable doubt that [the defendant] has in fact been convicted of two prior felony convictions, you *must* find that he is a habitual offender." [Emphasis added.] Final instruction number 2 stated that if the jury found beyond a reasonable doubt that the defendant had been convicted of the underlying felony and of two previous felonies they *"should* find the defendant is an habitual offender." [Emphasis added.] The defendant now argues that the prosecutor's remarks and the trial court's instruction were erroneous on the ground that they invaded the jury's right to determine the law and the facts.

It is axiomatic, however, that the party wishing to preserve error must make a timely objection at trial. Failure to object constitutes a waiver of the issue. *Rhyne v. State,* (1983) Ind., 446 N.E.2d 970; *Pounds v. State,* (1983) Ind., 443 N.E.2d 1193. In the case of an instruction, no error is available on appeal unless the defendant raises specific objections to the giving of the instructions. Ind.R.Crim.P. 8(B). In the present case the defendant failed to object to the prosecutor's remarks. Further, the defendant did not object to final instruction number 2, nor did he tender his own instruction. Therefore, the issue has been waived.

### V.

At the sentencing hearing the trial judge stated:

"All right. Then on the charge of Burglary, the court assesses a sentence of five (5) years, and as a habitual criminal the mandatory thirty (30) years. And they are to be served consecutively."

The quotation above shows that the trial judge may have misapplied our habitual offender statute, Ind.Code § 35–50–2–8 (Burns 1983 Supp.). A finding that a defendant is a habitual offender allows the trial court to enhance the sentence of the underlying felony. The statute does not set forth an offense in and of itself, since there would be a problem with the double jeopardy clause. Thus the defendant in this case does not serve consecutive terms of five and thirty years; rather, his five-year sentence is enhanced to thirty-five years. A correction of this error is necessary. *Short v. State,* (1982) Ind., 443 N.E.2d 298; *Wilburn v. State,* (1982) Ind., 442 N.E.2d 1098.

Therefore, we remand the case for the correction of the sentencing. The trial court is in all other things affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.