**Wanda RYANS, Defendant–Appellant**

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 71A03–8709–CR–266.

Court of Appeals of Indiana, Third District.

Jan. 28, 1988.

Brian May, South Bend, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Presiding Judge.

Following a jury trial Wanda Ryans was convicted of five counts of theft. The court elected to treat the convictions as misdemeanors and sentenced her to one year on each count with the sentences to be served concurrently. She appeals challeng-

ing a ruling during her cross-examination of one witness and the sufficiency of the evidence.

The facts taken in the light most favorable to the verdict disclose the following information.

On June 17, 1986 Ryans possessed five checks which were payable to her and were drawn on the account of Judy Warren at St. Joseph Bank & Trust Co. All of the checks were dated that day. The account upon which they were drawn had been opened in 1978 and closed by the bank on March 26, 1981.

Ryans deposited one of these checks at each of five branches of Valley American Bank on June 17th. In each instance she secured fifty dollars in cash from the amount of the check and had the balance deposited in her account. Over the next two days she withdrew the balance of her deposits. The checks, of course, were dishonored, account closed.

During the subsequent police investigation Officer Richard Bonne went to a Judy Warren's residence where he located two women. One of them was Ryans but she identified herself as Deanne Warren and told the officer Judy Warren was at a different address. That, also, proved untrue.

At trial Ryans testified. She told the jury that she had no knowledge that the checks were not good and that she had given the money to Judy Warren.

■ Indeed, her present challenge to the sufficiency of the evidence is simply that it fails to establish any reasonable inference that she knew the checks were no good. We disagree. The facts we have recited coupled with the absence of any reasonable explanation as to why Ryans' friend chose to write five checks rather than one or why Ryans went to the trouble to deposit them at five different branch locations taking only a small portion in returned cash at each clearly support the inference that she was engaged in a scheme of theft. Her challenge to the sufficiency of the evidence fails.

Her other contention addresses a ruling by the trial court during her cross-examination of Officer Bonne, who had also taken a statement from her at the police station.

During the direct examination of Bonne the state elicited from him that during his conversation with Ryans she admitted cashing the checks, making the various deposits, and withdrawing the balance shortly thereafter. He also testified that she explained that she had given him a false name because she was going through a divorce and thought her estranged husband may have sent someone to find her.

Upon cross-examination Bonne was asked, "Did Mrs. Ryans tell you that she knew these checks were written on a closed account?" The state objected and after hearing argument the court sustained the objection. Ryans contends this was error because once the state went into the conversation she was entitled to have the jury consider all of it. The state contends the objection was properly sustained because it called for a self serving hearsay declaration.

Our Supreme Court was evenly divided in a recent decision concerning the rule to be applied when a party seeks to cross-examine concerning the balance of a statement that has been partially introduced on direct examination. *Duff v. State* (1987), Ind., 508 N.E.2d 17 (Shepard, C.J. not participating). Accordingly, it behooves us to examine the appropriate rules of evidence governing Ryans' claim.

Apart from any special consideration that may come into play because another part of an accused's statement has already been introduced, the rules against hearsay will normally apply. Thus, if the accused makes a statement against her interest to a police officer or some other person, that person may testify to the statement in a well recognized exception to the hearsay rule. *See Jethroe v. State* (1975), 262 Ind. 505, 319 N.E.2d 133. On the other hand, an accused's exculpatory statement made to some other person is ordinarily not admissible. *See, e.g., Hernandez v. State* (1982), Ind., 439 N.E.2d 625; *Marts v. State* (1982), Ind., 432 N.E.2d 18. The Indiana

decisions, almost uniformly, speak of the self-serving nature of the declaration in such instances. While that is an appropriate objection when the accused is asked to relate her prior statement, when the question is asked of the person who heard the statement it is probably better analysis to consider the declamation "self-serving" as explaining the potential prejudicial effect of the hearsay, rather than as a distinct ground of objection. In any event the statement will generally be held inadmissible.

■ Different considerations come to bear, however, when one party elects to introduce a part of a conversation or document. With limitations, the rules of evidence then permit an opposing party to introduce the omitted portion either by requiring the opponent to introduce the whole or by introducing the remainder herself either through cross-examination or as a part of her own case. The purpose of the rule is to aid the factfinder by adding context to the information already received which tends to explain and shed light on its meaning. *McCormick on Evidence* (3d Ed.), Sec. 56, pp. 145–46; 7 *Wigmore, Evidence*, Secs. 2084, 2113. The reason is that where words are the object of proof they are merely an attempt to express an idea. The more complicated the idea the more difficult may be its full expression. Thus, the jury is best advised by being presented with the entire expression on the subject used on the occasion. 7 *Wigmore*, Sec. 2094.

Two main limitations apply to this ground for admissibility. First, the offered remainder must be relevant to the portion offered on direct examination. This is simply to say that irrelevant aspects of the document or conversation may be omitted because they concern a different topic and therefore cannot assist the jury in illuminating the meaning sought to be conveyed by the portion introduced on direct. If the portion sought to be introduced does color, modify or explain what has already been admitted, then the rule for admissibility applies.

Secondly, the rule for admissibility does not permit introduction where the remain-

der is incompetent evidence and is highly prejudicial. In discussing this limitation *McCormick* explains that it should not preclude evidence which is incompetent merely as to form such as secondary evidence or hearsay. But disclosures such as insurance, an offer in compromise, admission of prior unrelated crimes, or the like should be excluded. *McCormick on Evidence* (3d Ed.), p. 146. The position taken by *McCormick*, and the one we consider the better view, affords the trial judge discretion to exclude otherwise objectionable evidence (other than that merely objectionable as to form) if he finds the danger of prejudice outweighs the explanatory value. Ordinarily, that will be the case in the absence of some articulable reason why the explanatory value in the case before the court counters the apparent prejudicial impact of the offered statement.

■ Within this context we turn our examination to what occurred at Ryans' trial. During direct examination of Detective Bonne the prosecutor asked him about the conversation he had with Ms. Ryans at the police station the day after she had misdirected him. The prosecutor elicited that at that time Ryans admitted cashing the checks, making the various deposits and withdrawing the funds shortly thereafter. She had also explained that she had given Bonne a false name because she was going through a divorce and thought her estranged husband may have sent someone to find her.

On cross-examination, defense counsel then asked, "Did Mrs. Ryans tell you that she knew these checks were written on a closed account?" The prosecutor objected, argument was heard out of the presence of the jury, and the court sustained the objection.

It would have been better form, perhaps, to have first inquired whether Detective Bonne had related their entire conversation on the subject of the checks and then proceeded toward the point at issue. However, it is clear from the record that the prosecutor knew they were speaking of the same conversation and, apparently, knew as well what the answer would be. More significantly, the argument to the court

made clear that the defense was relying upon the rule of admissibility already discussed. The question was adequately presented.

Clearly, Ms. Ryans' statement should not have been excluded simply as hearsay. Should it have been excluded due to its self-serving character? As the state points out, a number of cases stand for the proposition that self-serving statements of an accused are ordinarily excludible because they are inherently unreliable. *See, e.g., Hernandez v. State* (1982), Ind., 439 N.E. 2d 625, 629.

Even so, under these circumstances we believe the evidence should be allowed. Initially, of course, the prosecutor has control of its potential admissibility since it is his determination whether to go into the conversation at all.

If the accused's admissions are substantial the jury will be quite capable of assessing the credibility of the self-serving statement. If they are not very substantial so that their main benefit to the prosecution is that they came from the defendant's own mouth, then too the jury is entitled to know that in the same breath the accused protested his innocence. In any event such a protest or exculpatory statement by the accused was intended to color and add meaning to the conversation being had. As such it should be admissible on demand when the prosecution has elected to present the jury with other parts of the conversation. Simple notions of fairness require that much.

Thus, the court erred in excluding the evidence, but in this case we find the error was not prejudicial. Ms. Ryans elected to testify at trial and told the jury directly that she had no knowledge the checks were written on a closed account. Therefore, the court's error in precluding the officer from stating that she had told him the same thing was rendered harmless.

Judgment affirmed.

RATLIFF, C.J., and STATON, J., concur.