605 N.E.2d 204 (1992)
In the matter of M.R., a Child Adjudicated a Delinquent Child, Appellant-Respondent,
v.
STATE of Indiana, Appellee-Petitioner.
No. 49A04-9205-JV-148.
Court of Appeals of Indiana, Fourth District.
December 28, 1992.
*205 Marilyn A. Moores, Irwin B. Levin, Indianapolis, for appellant-respondent.
Linley E. Pearson, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee-petitioner.
CONOVER, Judge.
M.R., a 15 year old boy, was charged in five separate petitions filed simultaneously with three separate house burglaries, three thefts, one auto theft, one escape, and one charge of carrying a handgun without a license. At his initial hearing at which his mother was present, he waived his right to counsel, testified he knew and understood his constitutional rights to be represented by counsel, to have a speedy trial, to compel the attendance of witnesses, to remain silent and not testify, and the possibility of sentence to the Indiana Boys School if the court determined he had committed these offenses which, if he were an adult, would have been assorted felonies and misdemeanors.
He then testified he understood his rights, and no threats or promises had been made to get him to admit to these acts. He admitted his guilt as to each act of delinquency charged, and then gave testimony establishing his guilt as to each.
At the hearing's conclusion, the court found a sufficient factual basis to accept M.R.'s admissions of guilt, found the petitions were true, and adjudicated M.R. to be a delinquent child. The court continued the disposition hearing to permit M.R.'s evaluation by Arbor Hospital and in-patient treatment in a secure environment. At the disposition hearing held later, the court found nothing of a psychiatric or psychological character in M.R.'s psychic makeup which required treatment, and subsequently awarded M.R.'s wardship to the Indiana Department of Correction for placement in the Indiana Boy's School. M.R. appeals.
Restated, the issues this appeal presents are whether the trial court erred by:
1. determining M.R. knowingly waived his right to be represented by an attorney, and by not appointing one for him,
2. accepting M.R.'s admissions he perpetrated the acts of delinquency with which he was accused,

*206 3. determining there was a sufficient factual basis for accepting M.R.'s admissions he perpetrated the acts of delinquency with which he was charged, and
4. awarding his guardianship to the Department of Corrections for placement at the Indiana Boy's School.
We affirm.
M.R. first argues the record demonstrates he did not knowingly and intelligently waive his right to counsel because the court was required to also advise M.R. if he was unable to afford an attorney one would be appointed for him, and the trial court did not do so. Failure to so advise M.R. and his mother constitutes reversible error under Dearing v. State (1951), 229 Ind. 131, 95 N.E.2d 832, 836, he claims. We disagree. It is abundantly clear from the record, M.R. was so informed on two occasions before entering his admissions.
First, M.R. and his mother, prior to M.R.'s court appearance, signed a written advisement of rights which read, in part:
3. The child has a right to be represented by a lawyer at all stages of the court proceedings ... If the parents are unable to hire one, the Court will appoint a lawyer for him/her.
(R. 18). Further, although the trial court did not personally inform M.R. and his mother in court of his right to counsel at State expense, they previously were so informed by a videotape recording made by the same juvenile judge before whom M.R., accompanied by his mother, appeared. (Supp. R. 1).
The tape informed all persons about to appear in juvenile court of their various constitutional rights and the dispositional alternatives the juvenile court could impose, in minute detail.[1] The videotape at its conclusion also told M.R. and its other viewers if they wanted further explanation of their rights or did not understand them, they should so inform the judge or juvenile referee. An en masse advisement of rights when coupled with a trial judge's personal interrogation of the defendant passes constitutional muster. cf. Snowe v. State (1989), Ind. App., 533 N.E.2d 613, 616; French v. State (1984), Ind. App., 472 N.E.2d 210, 212.
Dearing does not require a face to face advisement of rights by the trial judge. It requires that M.R. and his mother be fully informed of that right and knowingly waive it prior to M.R. making admissions of delinquency, as he did in this case. Given the judge's face to face instruction on M.R.'s constitutional rights coupled with the prior written advisement of rights and videotape viewing, M.R. and his mother were fully advised of the right to counsel at public expense if they were indigent and desired representation by counsel. With such exhaustive advisements, the waiver of right to counsel was made with knowledge of the right to counsel at public expense. Thus, the waiver of counsel at public expense was freely and voluntarily given. The trial court did not err in this regard.
M.R. next argues the trial court erred by failing to read the statutes he was accused of violating when the court read the charges to him. Further, he posits, the trial court also erred by not advising M.R. of the maximum possible sentence which could result from his admission to each charge. Again, we disagree.
The statute covering juvenile proceedings, IND. CODE 31-6-4-13, only requires the juvenile court to inform the child and his parent of "the nature and allegations against the child" and "the dispositional alternatives available to the juvenile court if the child is adjudicated a delinquent child." There is no requirement placed upon it to inform the juvenile of the maximum and minimum sentences as to the *207 charges filed, as in adult court. Clearly, the court complied with this requirement.
The court read each individual charge to M.R. and his mother and each time received the assurance that both understood the allegations. (R. 169-174). Further, prior to asking for M.R.'s admissions or denials, the court informed M.R. and his mother that if the allegations were deemed true, M.R. could be sent to the Indiana Boys School. (R. 175). We find no error here.
Next, M.R. complains that because his mother brought him to the police station when he violated his probation by running away and again after he had escaped from the police station, she had an interest adverse to his. Thus, he argues she could not lawfully waive his constitutional rights at the initial hearing. In support of his argument, he cites the commentary to IC 31-6-7-3 in support of that proposition, which reads, in part, "[a] parent who had referred the child to court as an incorrigible, and who therefore is the chief witness against the child, would not qualify as a person who could lawfully join the child in the waiver of his rights." See, Borum v. State (1982), Ind. App., 434 N.E.2d 581. We disagree.
M.R. was not charged as an incorrigible, nor was his mother a key State's witness in any of the charges filed against him. Clearly, she had no interest adverse to M.R. at the time. She was a loving parent, obviously concerned about her son and his future.
M.R. also claims he and his mother did not meaningfully consult prior to the initial hearing. M.R. is wrong. There is substantial evidence to the contrary. M.R. and his mother both read and signed the Advisement of Rights form, and viewed the juvenile judge's videotape advisement of rights prior to the initial hearing. A reasonable presumption arises from those facts they had ample time for, and in fact did, engage in meaningful consultation prior to the initial hearing. Clearly, IC 31-6-7-3(a)(2)(C) was complied with here.
M.R. next maintains he did not admit the allegations the court read to him because he responded "yes" to each, rather than "admit." Acknowledging this is a "technical distinction," he claims, "it underscores the failure of the trial court to ascertain whether [M.R.'s] admissions were knowingly and voluntarily given." Brief of Appellant at 26. We determined earlier in this opinion M.R.'s admissions were knowingly and voluntarily given after a full advisement of rights. We have said enough on that score. We further determine a reasonable inference arises from M.R.'s answers of "yes" to the trial court's inquiries he was, in fact, admitting each of the alleged acts as they were read to him.
M.R. next asserts there was no factual basis upon which the juvenile court could accept his admissions of guilt because the evidence was insufficient to establish:
a. either that M.R. entered the dwelling with intent to commit a felony or that a breaking and entering occurred as to the burglary charges,
b. that M.R. intended to deprive the owner of the automobile's use or value,
c. that M.R. knew the handgun was in the purse he purloined as to the unlicensed handgun charge, and
d. that his detention was lawful, as to the escape charge.
We disagree.
As the State argues, M.R.'s contention IC XX-XX-X-X(b) requiring a sufficient factual basis be established before a court can accept a guilty plea applies to juvenile proceedings is erroneous. Proceedings in juvenile court are civil proceedings, not criminal in nature. An act of juvenile delinquency is not a crime. Bible v. State (1970), 253 Ind. 373, 254 N.E.2d 319. Thus, guilt was not at issue at the initial hearing. The juvenile proceedings here were concerned only with whether M.R. was or was not a delinquent child, and what course of action by the State was best for him, if any at all was needed.
Finally, M.R. asserts the juvenile court abused its discretion by not sending M.R. back to Arbor Hospital for further evaluation rather than awarding his guardianship *208 to the Indiana Boys School. Again, we disagree.
Under IC XX-X-X-XX(g)(3), a juvenile court is permitted to award guardianship to the Department of Correction if the child is adjudicated a delinquent child due to acts which would be crimes if committed by adults. While such commitment should be resorted to only if less severe dispositions are inadequate, there are times when such commitment is in the best interests of the juvenile and society in general. In re Matter of Ort (1980), Ind. App., 407 N.E.2d 1162.
Here, M.R. admitted to committing nine acts, which if committed by an adult would have been felonies, three home burglaries, automobile thefts, theft of a police officer's purse and service revolver, and escape. Further, M.R. plotted an escape from Arbor Hospital where he had been sent in his best interests for evaluation. There are times in juvenile proceedings when the best interest of the juvenile and society require commitment to the Boys School. The trial court correctly determined this was one of those times. Thus, the trial court did not abuse its discretion by so doing in this case.
Affirmed.
MILLER and BUCHANAN, JJ., concur.
NOTES
[1] The State supplemented the record in this appeal by filing a certified copy of the juvenile court's information of rights and alternative dispositions videotape prepared by Judge Payne for the initial explanation of constitutional rights and alternative dispositions which the court could impose if the juvenile were found to be delinquent by the court. The videotape explains its subject matter in clear, simple terms and reinforces the judge's oral explanations by written subtitles announcing the specific subjects as the judge explains them. The videotape passes constitutional and statutory muster.