**Robert L. SPANN, Jr., Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 71A03–9611–CR–414.**

Court of Appeals of Indiana.

June 9, 1997.

---

Jeffrey L. Sanford, South Bend, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Preston W. Black, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

GARRARD, Judge.

### STATEMENT OF THE CASE

Robert L. Spann. Jr., ("Spann") appeals his convictions for Possession of Cocaine, as a Class D felony, Possession of Cocaine, as a Class C felony, and Maintaining a Common Nuisance, as a Class D felony, following a jury trial. The jury also found Spann to be an habitual offender. Spann was sentenced to a total of sixteen years imprisonment. We will state relevant facts and procedural history in our discussion where necessary.

We affirm in part and reverse in part.

### ISSUES

Spann presents four issues for our review which we restate as two dispositive issues:

1. Whether the evidence was sufficient to support his habitual offender conviction.

2. Whether the trial court violated his right to a speedy trial when it continued the June 4, 1996, trial date.

## DISCUSSION AND DECISION

### Issue One: Habitual Offender Finding

■ Spann contends the evidence was insufficient to support the trial court's habitual offender finding. To prove a defendant's habitual offender status, the State must establish that the defendant had at least two prior unrelated felony convictions, and that (1) the commission, conviction and sentencing on the first offense preceded the commission of the second offense and that (2) the commission of the principal offense followed the commission, conviction and sentencing on his second offense. IND.CODE § 35–50–2–8; *Weatherford v. State*, 619 N.E.2d 915, 917 (Ind.1993). Spann contends that the evidence presented by the State was insufficient to show that commission of a second unrelated felony occurred subsequent to conviction and sentencing on the first. We agree with Spann.

■ The relevant evidence admitted during the habitual phase of Spann's trial consisted of a certified copy of the docket sheet and order book entry indicating a March 10, 1988, conviction and sentence for theft, as a Class D felony ("Theft A"), and a certified copy of the docket sheet and order book entry indicating two October 17, 1989, convictions and sentences for theft, both as Class D felonies ("Thefts B and C"). No evidence was admitted regarding the commission dates of any of those offenses. The State attempted to introduce certified copies of the informations and probable cause affidavits which contained the commission dates of the three alleged unrelated prior felonies. However, pursuant to Spann's objection, the trial court refused to admit those documents on the ground that the documents contained descriptions of the offenses which were irrelevant to an habitual determination.[1]

■ While a defendant's habitual offender status may be proven by means other than certified court records, *Foster v. State*, 484

N.E.2d 965, 966 (Ind.1985), such as the testimony of a judge or probation officer, *Connell v. State*, 470 N.E.2d 701, 708 (Ind.1984), in the instant case the State did not present any witnesses or testimony. As a result, there was no evidence from which the jury could discern or reasonably infer that Spann committed Thefts B and C *after* he was convicted and sentenced for Theft A.

■ The State maintains that even without the exact commission dates of the alleged prior unrelated felonies, there was sufficient evidence presented from which the jury could infer that Spann committed Thefts B and C after he was already convicted and sentenced for Theft A. The State points to the fact that the sentences imposed on Thefts B and C were ordered to run consecutive to the sentence already imposed for Theft A. At the time Spann was sentenced for Thefts B and C, Indiana Code § 35–50–1–2 provided in pertinent part as follows:

(b) If, after being arrested for one (1) crime, a person commits another crime;

(1) Before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime; or

(2) While the person is released:

(A) Upon the person's own recognizance

(B) On bond;

the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed.

Pub.L. No. 330–1987.

Based upon this statute, the State argues that the jury could have inferred from the trial court's imposition of consecutive sentences that Spann committed Thefts B and C before he was discharged from probation, parole or term of imprisonment imposed on Theft A. However, this is mere speculation on the State's part. The docket sheet and order book entry evidencing the trial court's consecutive sentence order is silent as to the trial court's reason or statutory authority for the sentence. A jury cannot infer the court's

1. The State does not challenge the propriety of the trial court's exclusion of that evidence.

reason from silence and then make further inference regarding the required statutory sequence of the commission dates. Spann's habitual offender determination is not supported by sufficient evidence. Accordingly, we vacate that determination and enhancement of sentence.[2]

### Issue Two: Continuance

Spann next contends the trial court erred when it continued his original trial date. Specifically, Spann asserts that the trial court violated his right to a speedy trial when it continued his trial date beyond the 70–day time period required by Criminal Rule 4(B)(1). We disagree.

Criminal Rule 4(B)(1) provides in part:

If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was no sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar....

Spann moved for a speedy trial on April 19, 1996, with the 70–day time period to expire on June 28, 1996. A June 4, 1996, trial date was originally set for both the instant case and a Controlled Substance Excise Tax case ( the "CSET case") also involving Spann as the defendant. At the May 28, 1996, record date for both cases, the State advised both the court and Spann that it would proceed with trial on the CSET case on June 4, rather than the instant case. Thereafter, on Monday June 3, 1996, less than 24 hours prior to trial, the State and the trial court received a copy of a motion to dismiss the CSET case filed by Spann on Friday May 31, 1996. Upon examination of the merits of Spann's motion to dismiss, the State informed the court that it would dismiss the CSET case. Accordingly, the State request-

ed a continuance in the instant case, informing the court that it had expended a great deal of time preparing for trial on the CSET case and that it would be unable to proceed in the instant case for that reason. The court, finding the State's request entirely reasonable, granted a continuance.

In its continuance order, the court noted its congested calendar and shortage of court personnel in determining that the earliest possible date to reschedule trial was July 1, 1996, three days beyond the 70–day time limit. The court further noted that Spann contributed substantially to any delay in this case by deliberately permitting the State to prepare to proceed with the CSET case and then filing a motion to dismiss that case which did not come to the court's or the State's attention until less than 24 hours before scheduled commencement of trial. Moreover, the trial court found that because Spann was already in custody serving a six year mandatory term of incarceration, Spann could not show that he would suffer any prejudice by such a minimal delay beyond the required time period.

■■ Although we will vigorously enforce the right to a speedy trial, "we do not intend that accused persons should escape trial by abuse of the means that we have designed for their protection." *Utterback v. State,* 261 Ind. 685, 310 N.E.2d 552, 553–54 (1974). The record is clear that Spann knew that this case was not going to be tried on June 4, and that both the State and the court had prepared, and jurors had been summoned, for a conflicting jury trial also involving Spann. In essence, Spann acquiesced to an inevitable continuance of trial in this case.[3] A defendant is responsible for any delay caused by his action including seeking or acquiescing in any continuance. *Wheeler v. State,* 662 N.E.2d 192, 193 (Ind.Ct.App.1996). As the trial court found, Spann "deliberately" waited until the last minute to file his motion to

---

**2.** Because we vacate Spann's habitual offender determination and enhancement, we need not address Spann's contention that the trial court erred when it imposed that sentence.

**3.** Despite the court's statement that continuance was ordered on its own motion, the record indi-

cates that the State requested a continuance on June 3. Record at 89. We decline to address Spann's assertion that the State made an "improper ex parte request for continuance" as his assertion is not supported by the record.

dismiss the CSET case knowing well that neither the court nor the State would be in a position to proceed to trial in this case. If Spann had moved to dismiss the CSET case at an earlier date, trial in the instant case could have proceeded on June 4, or at the very least been rescheduled within the 70–day period. Under the circumstances, delay of Spann's trial outside of the requisite time period is attributable to him.

In addition to Spann's own actions causing delay, the trial court's finding of congestion requiring a rescheduled trial date 3 days beyond the 70–day limit is detailed and documented in the record. Upon appellate review, a trial court's explanations of court congestion will be accorded reasonable deference, and a defendant must establish his entitlement to relief by showing that the trial court was clearly erroneous. *Clark v. State,* 659 N.E.2d 548, 552 (Ind.1995). Spann has shown no error.

Spann's conviction and 8–year sentence enhancement for habitual offender is vacated. The trial court is affirmed in all other respects.

HOFFMAN and BAKER, JJ., concur.