v.

STATE of Indiana, Appellee–Petitioner.

No. 49A02–0003–JV–164.

Court of Appeals of Indiana.

Sept. 21, 2000.

Jodi Kathryn Stein, Indianapolis, Indiana, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Janet L. Parsanko, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

RILEY, Judge

### STATEMENT OF THE CASE

Appellant–Respondent, ND.F., a juvenile, appeals an adjudication finding her to be a delinquent child for committing attempted robbery, Ind.Code § 35–41–5–1; Ind.Code § 35–42–5–1, an act which would be a Class B felony if committed by an adult. N.D.F. also appeals being sentenced under Ind.Code § 31–37–19–10.

We affirm in part, reverse in part, and remand for further proceedings.

### ISSUES

N.F. raises two issues on appeal, which we restate as follows:

1. Whether the trial court had sufficient evidence to adjudicate N.D.F., a delinquent child, for attempted robbery, a Class B felony if committed by an adult.

2. Whether the State failed to present any evidence demonstrating that N.D.F. had two unrelated prior adjudications of delinquency before to her placement with the Indiana Department of Correction under Ind.Code § 31–37–19–10, thus denying her due process of law.

### FACTS AND PROCEDURAL HISTORY

On the evening of June 9, 1999, Theresa Massing (Massing) was walking from a nearby liquor store to her home in Indianapolis when two teenage girls, C.Y. and N.D.F., accosted her. The two teenage girls were with a group of friends. The two girls separated from the others and approached Massing. C.Y. believed that Massing owed her some money from a previous sale of crack cocaine. After Massing said that she did not have any money for them, one of the girls pulled on Massing's ponytail from behind. C.Y. hit Massing several times. N.D.F. stood back and watched the altercation for the majority of the time. Near the end of the altercation, N.D.F. struck Massing in the face one time. The fight ended and the girls walked away. No money was taken from Massing.

Later, Massing identified C.Y. and N.D.F. from a photographic array. On July 20, 1999, the State filed a delinquency petition alleging that N.D.F. was a delinquent child who had committed an act that would constitute attempted robbery, a Class B felony, if committed by an adult.

On December 28, 1999, the court conducted a factfinding hearing. After hearing the evidence, the juvenile court determined that N.D.F. was a delinquent child. Subsequently, a dispositional hearing was conducted. Guardianship was awarded to the Indiana Department of Correction for a fixed term of 24 months. The court found that N.D.F. had a prior history of

acts that would constitute the following crimes if committed by an adult: attempted robbery, a Class C felony and possession of cocaine, a Class D felony. It was found that N.D.F. had a prior history of the previously mentioned acts without the State presenting any evidence in support thereof. N.D.F. now appeals.

## DISCUSSION AND DECISION

### I. Sufficiency of the Evidence

█ N.D.F. claims that the evidence was insufficient to support the finding that she committed attempted robbery, a Class B felony if committed by an adult.

█ When this court reviews sufficiency of the evidence claims with respect to juvenile adjudications, we neither reweigh the evidence nor judge the credibility of the witnesses. *Fields v. State,* 679 N.E.2d 898, 900 (Ind.1997); *Moran v. State,* 622 N.E.2d 157, 158 (Ind.1993). The State is required to prove, beyond a reasonable doubt, that the juvenile committed the charged act. *Moran,* 622 N.E.2d at 159. We consider only the evidence most favorable to the judgment and the reasonable inferences therefrom and will affirm if the evidence and those inferences constitute substantial evidence of probative value to support the judgment. *Blanche v. State,* 690 N.E.2d 709, 712 (Ind.1998).

█ The Due Process Clause of the United States Constitution protects an accused against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *J.T. v. State,* 718 N.E.2d 1119, 1122 (Ind.Ct.App.1999) (quoting *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)). This protection applies to juveniles as well as adults. *J.T.,* 718 N.E.2d at 1122. Thus, when the State seeks to have a juvenile adjudicated to be delinquent for committing an act that would be a crime if committed by an adult, the State must prove every element of that crime beyond a reasonable doubt. *Id.*

Ind.Code § 35–42–5–1 defines robbery as follows:

A person who knowingly or intentionally takes property from another person or from the presence of another:

(1) by using or threatening the use of force on any person; or

(2) by putting any person in fear;

commits robbery, a Class C felony. However, the offense is a Class B felony if it is committed while armed with a deadly weapon or results in bodily injury to any person other than a defendant...

Ind.Code § 35–41–5–1 defines attempt as follows:

A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted...

The evidence supports N.D.F.'s conviction. By repeatedly asking Massing for money and using force which resulted in bodily injury to Massing, N.D.F. and C.Y. took a substantial step toward knowingly or intentionally taking property from another. The Record clearly shows from the testimony of N.D.F., C.Y. and Massing that the two girls wanted money from Massing and used force to try to obtain the money.

Consequently, we find that there was sufficient evidence to support N.D.F.'s conviction for attempted robbery, a Class B felony if committed by an adult.

### II. Denial of Due Process

█ N.D.F. also argues that she was denied due process of law when the State failed to present any evidence demonstrating that she had two unrelated prior adjudications of delinquency before her placement with the Indiana Department of Correction under Ind.Code § 31–37–19–10, the juvenile determinate sentencing statute.

The juvenile determinate sentencing statute, Ind.Code § 31–37–19–10, provides in pertinent part as follows:

Sec. 10. (a) This section applies to a child who:

(1) is adjudicated a delinquent child for an act that if committed by an adult would be:

(A) a felony against a person;

(2) is at least fourteen (14) years of age at the time the child committed the act for which the child is being placed; and

(3) has two (2) unrelated prior adjudications of delinquency for acts that would be felonies if committed by an adult.

(b) A court may place the child in a facility authorized under this chapter for not more than two (2) years.

■ In *W.T.J. v. State*, 713 N.E.2d 938, 941 (Ind.Ct.App.1999), this court compared this statute to the habitual offender statute, Ind.Code § 35–50–2–8. To prove a defendant's habitual offender status pursuant to Ind.Code § 35–50–2–8, the State must prove that 1) the commission, conviction and sentencing on the defendant's first offense preceded the commission of the second offense, and 2) the commission of the principal offense followed the commission, conviction and sentencing on his second offense. *Id.* In *W.T.J.*, we held that the juvenile determinate sentencing statute is an expression of legislative intent to permit the juvenile a reasonable opportunity to reform through less severe dispositional alternatives before a more severe penalty may be imposed. *Id.* at 942. The court further stated that by requiring two unrelated prior determinations, it is clear that the legislature intended to afford the juvenile two distinct opportunities for reforming before proving himself incorrigible and a threat to society by committing a third serious offense. *Id.*

■ We agree with this court's interpretation of the juvenile determinate sentencing statute in *W.T.J.* We further agree with N.D.F. that if the court is going to determine that the statute is comparable to the habitual offender statute, the sequential requirements of the habitual offender statute also apply to the juvenile determinate sentencing statute. Thus, the State must prove that the two unrelated prior adjudications of the juvenile defendant occurred. N.D.F. argues that the State failed to present evidence demonstrating that her disposition fell under the determinate sentencing statute. The Record shows that the State merely argued in their recommendation to the court that N.D.F. had accumulated two unrelated prior adjudications of delinquency for acts that would be felonies if committed by an adult. The State showed no evidence to support its claim. Furthermore, N.D.F. was not given an opportunity to rebut the State's assertion.

The juvenile court placed N.D.F. with the Indiana Department of Correction for the maximum time allowed under Ind. Code § 31–37–19–10 (24 months). It did this without requiring the State to prove the elements of the statute and without giving N.D.F. an opportunity to rebut the claims made by the State, regarding her two unrelated prior adjudications. Consequently, N.D.F.'s rights under the Fourteenth Amendment of the United States Constitution[1] have been violated. Therefore, we remand this case to the Superior Court of Marion County, Juvenile Division to hear evidence as to whether N.D.F. had two unrelated prior adjudications of delinquency in order to sentence her under Ind.Code § 31–37–19–10.

### CONCLUSION

Based on the foregoing, we conclude that the State presented sufficient evi-

---

1. The Fourteenth Amendment of the United States Constitution provides in pertinent part that: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law;..."

dence to support N.D.F.'s conviction for committing attempted robbery, an act which would be a Class B felony if committed by an adult. However, we also find that the juvenile court erred in sentencing N.D.F. because the State failed to present any evidence demonstrating that her two unrelated prior adjudications met the requirements of Ind.Code § 31–37–19–10.

We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

BAILEY, J., and BARNES, J., concur.