v.

**STATE of Indiana, Appellee–Petitioner.**

No. 49A02–0108–JV–557.

Court of Appeals of Indiana.

April 16, 2002.

Jan B. Berg, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-respondent J.V. appeals the juvenile court's finding that he was a delinquent child for committing Child Molesting,[1] a class C felony, had that crime been committed as an adult. Specifically, J.V. claims that certain hearsay evidence and a videotaped statement of the victim were improperly admitted into evidence. He also asserts that the evidence was insufficient to support the delinquency determination.

### FACTS

On February 26, 2001, Shawna Scott took her seven-year-old son, A.S., to a neighbor's house so she could take her other child to the doctor. J.V. was the fourteen-year-old son of the neighbor's boyfriend who was living with her. At one point, the neighbor placed A.S. on J.V.'s bed. A.S. fell asleep but woke up when he felt something hard on his bottom. A.S. believed that it was a "finger or something." Tr. p. 25. Although J.V. denied that he had done anything, A.S. pulled down the bed covers and saw J.V.'s "privates." Tr. p. 27. Several days later, A.S. told Scott what had occurred, and she contacted the police. Tr. p. 27. A.S. then gave a videotaped statement to Diane Bowers, a child interviewer at the Marion County Family Advocacy Center, where he recounted the events and accused J.V. of molesting him.

As a result of the incident, J.V. was charged with class B felony child molest-

---

1. IND. CODE § 35–42–4–3(b).

ing[2] under Count I, and class C felony child molesting in Count II. At the denial hearing on July 12, 2001, the trial court admitted the videotape over J.V.'s objection. Tr. at 44, 49–50, 54, 62–63. The trial court determined that A.S.'s videotaped statements were admissible because the "child is available to testify at trial. And that the nature of the statements show sufficient indication of reliability of the time, place and manner." Tr. p. 63.

After hearing the evidence, the trial court granted J.V.'s motion for judgment on the evidence under Count I, and entered a true finding of delinquency with respect to Count II. J.V. now appeals.

## DISCUSSION AND DECISION

### I. Hearsay Evidence—Scott's Testimony

■ J.V. first contends that the delinquency adjudication must be reversed because "the trial court permitted, over objection, numerous prejudicial hearsay statement[s] to be admitted into evidence." Appellant's brief at 13. Specifically, he maintains that Scott's testimony regarding the statements that A.S. made to her regarding the incident was inadmissible hearsay evidence.

In determining whether the trial court erred in admitting Scott's testimony, we note that while J.V. discussed that evidence at the hearing regarding admissibility of the videotaped statement, he failed to object during her trial testimony. Tr. p. 37–48, 56, 61. As a result, the issue is waived. *See Mitchell v. State*, 726 N.E.2d 1228, 1235 (Ind.2000) (holding that the failure to object at trial results in a waiver of the issue on appeal).

### II. Admission of Videotape

■ J.V. next argues that the videotaped statement of A.S. should not have been admitted into evidence. Specifically, he maintains that the tape was inadmissible under our protected person statute, IND. CODE § 35–37–4–6, because that statute allows for the admission of certain videotaped statements only in criminal cases. Thus, J.V. asserts that the admission of the tape is barred because juvenile delinquency proceedings are civil matters.

Our protected person statute allows a statement or videotape that is made by a protected person which includes a person under fourteen years of age, to be admitted as evidence if: (1) the court finds in a hearing outside the presence of the jury and in the protected person's presence, that the time, content, and circumstances of the videotape provide sufficient indications of reliability; and (2) the protected person testifies at trial. I.C. § 35–37–4–6(b)(1), (c)(1), (d)(1)-(2).

■ We note here that J.V. does not attack the trial court's finding that A.S.'s videotaped statement met the criteria set forth above. Rather, he argues that the videotaped statement should not have been admitted because of the following language contained in the protected person statute: "[t]his section applies to a *criminal action* under the following: (1) Sex crimes (Ind. Code 35–42–4)." I.C. § 35–37–4–6. (Emphasis added). In addressing this argument, J.V. correctly asserts that juvenile proceedings are civil in nature and that an act of juvenile delinquency is not a crime. *M.R. v. State*, 605 N.E.2d 204, 207 (Ind.Ct. App.1992). Nonetheless, a child alleged to be delinquent is charged by the State with an act that would be a crime if committed

---

**2.** I.C. § 35–42–4–3(a) provides that "A person who, with a child under fourteen (14) years of age, performs or submits to *sexual intercourse*

*or deviate sexual conduct* commits child molesting, a Class B felony." (Emphasis added).

by an adult. The criminal standard of proof remains, in that the State must prove the delinquent act beyond a reasonable doubt to achieve a true finding of delinquency. *Al–Saud v. State*, 658 N.E.2d 907, 908 (Ind.1995). Put another way, it is the child's age and not the status, nature or class of offense that removes the case from our adult criminal system. Moreover, our supreme court has observed that the goal of the protected person statute "is to reduce the child's emotional trauma caused by numerous court appearances, not to guarantee that the child will never have to face the defendant." *Miller v. State*, 517 N.E.2d 64, 73 (Ind.1987).[3] Thus, we see no compelling reason to exclude application of the protected person statute in these circumstances, and we decline to read that statute so narrowly as to render the protected person statute inapplicable in delinquency proceedings. Thus, the trial court did not err in admitting A.S.'s statement on this basis.

### III. Sufficiency of the Evidence

J.V. next attacks the trial court's true finding of delinquency. Specifically, J.V. maintains that the adjudication must be reversed because the State failed to establish that his alleged touching of the victim was done with the intent to arouse or satisfy sexual desires.

We note that when the State seeks to have a juvenile adjudicated to be delinquent child, the State must prove every element of that offense beyond a reasonable doubt. *Al–Saud*, 658 N.E.2d at 908. Upon review, we will not reweigh the evidence or judge the credibility of the witnesses. *Vasquez v. State*, 741 N.E.2d 1214, 1216 (Ind.2001). Rather, this court looks to the evidence and the reasonable inferences therefrom that support the verdict, and we will affirm a conviction if evidence of probative value exists from which the factfinder could find the defendant guilty beyond a reasonable doubt. *Id.* Thus, we will affirm the finding of delinquency unless it may be concluded that no reasonable factfinder could find the elements of the crime proven beyond a reasonable doubt. *Bethel v. State*, 730 N.E.2d 1242, 1244 (Ind.2000).

To support the true finding against J.V. for child molesting, the State was required to prove beyond a reasonable doubt that J.V. performed or submitted to any fondling or touching of a child with the intent to arouse J.V.'s sexual desires. *See* I.C. § 35–42–4–3(b). A victim's testimony, even if uncorroborated, is ordinarily sufficient to sustain a conviction for child molesting. *Bowles v. State*, 737 N.E.2d 1150, 1152 (Ind.2000). Additionally, the element of intent in a child molesting offense may be established by circumstantial evidence and can be inferred from the actor's conduct and the natural and usual consequences of such conduct. *See Clark v. State*, 695 N.E.2d 999, 1002 (Ind.Ct.App. 1998), *trans. denied.*

Here, A.S. testified at the delinquency hearing that he was asleep on J.V.'s bed and was awakened when he felt something hard on his bottom. Tr. p. 25. A.S. thought that the object "felt like a finger or something." Tr. p. 26. J.V. remarked to A.S. that "it would only hurt for a little

---

3. One of the conditions for the admissibility of a statement under the protected person statute in the event that the victim is not "unavailable" within the language of the statute, is that the protected person testifies at the trial. I.C. § 35–37–4–6(2)(A). A.S. did so here. *See Fox v. State*, 717 N.E.2d 957, 966 (Ind.Ct.App.1999), *trans. denied.* (recognizing that the admission of a video tape of a protected person may be harmless error if it is no more than cumulative of statements made by a witness and the tape is not the only direct evidence of the events).

while." Ex. at 10. Although J.V. denied doing anything to him, A.S. noticed that J.V.'s "privates" were exposed when he pulled back the covers. Tr. p. 27. A.S. also told Scott that the "object" had hair around it and he felt "wetness" around his bottom. Tr. p. 39–41. From this evidence, the trial court could draw the reasonable inference that J.V. touched A.S. in a manner that satisfied J.V.'s sexual desires. As a result, the evidence was sufficient to support the delinquency determination.

### CONCLUSION

In light of our disposition of the issues above, we conclude that the trial court properly admitted Scott's testimony and A.S.'s videotaped statement. We also note that the evidence was sufficient to support the trial court's determination that J.V. was a delinquent child for committing the offense of child molesting had that offense been committed as an adult.

Affirmed.

SULLIVAN, J., and DARDEN, J., concur.