WILLIAM MENDENHALL, Appellant/Defendant,
v.
STATE OF INDIANA, Appellee/Plaintiff.
No. 49A05-0907-CR-400.
Court of Appeals of Indiana.
January 29, 2010.
BARBARA J. SIMMONS, Oldenburg, Indiana, ATTORNEY FOR APPELLANT.
GREGORY F. ZOELLER, Attorney General of Indiana, ARTURO RODRIGUEZ II, Deputy Attorney General Indianapolis, Indiana, ATTORNEYS FOR APPELLEE.

NOT FOR PUBLICATION

MEMORANDUM DECISION
BRADFORD, Judge.
Appellant/Defendant William Mendenhall appeals from his conviction of Class A misdemeanor Battery,[1] contending that the State failed to produce sufficient evidence to sustain it. We affirm.

FACTS AND PROCEDURAL HISTORY
On the morning of April 8, 2009, Mendenhall drove Jamie Smith, his girlfriend of three and one-half years, to a Rally's in Indianapolis for some food. As the couple sat in the parking lot eating, they began arguing. Mendenhall drove away, and the argument escalated. According to Smith, "The fight became worse. He started using excessive speed. Hamburgers were thrown." Tr. p. 7. At one point, Mendenhall "jerked" the car to the right, as if to drive off the road, and Smith told him that she was scared and that he needed to let her out. Tr. p. 7. Mendenhall struck Smith with his right closed fist in the arm, leg, and side of her face, leaving a mark on her arm. The blow to Smith's face left her dizzy and made her ear ring "really loud." Tr. p. 9. Mendenhall eventually left Smith by the side of the road with some of her belongings.
On April 28, 2009, the State charged Mendenhall with domestic battery, battery, and criminal recklessness, all Class A misdemeanors. On June 10, 2009, the trial court found Mendenhall guilty of Class A misdemeanor battery. On June 24, 2009, the trial court sentenced Mendenhall to 365 days of incarceration with 355 days suspended and 180 of those suspended to probation.

DISCUSSION AND DECISION

Sufficiency of the Evidence
Our standard of review for challenges to the sufficiency of the evidence supporting a criminal conviction is well-settled:
In reviewing a sufficiency of the evidence claim, the Court neither reweighs the evidence nor assesses the credibility of the witnesses. We look to the evidence most favorable to the verdict and reasonable inferences drawn therefrom. We will affirm the conviction if there is probative evidence from which a reasonable jury could have found Defendant guilty beyond a reasonable doubt.
Vitek v. State, 750 N.E.2d 346, 352 (Ind. 2001) (citations omitted).
In order to convict Mendenhall of Class A misdemeanor battery, the State was required to prove that he "knowingly or intentionally touche[d Smith] in a rude, insolent, or angry manner" resulting in bodily injury to her. Ind. Code § 35-42-1-1(a)(1)(A). While Mendenhall does not dispute that Smith was touched in a rude, insolent, or angry manner, he contends that the evidence is insufficient to establish that he was the person who battered Smith on the basis that Smith's testimony is so biased that it simply cannot be believed. The trial court, however, is the sole judge of witness credibility, and it found Smith credible.
Mendenhall also notes that no evidence beyond Smith's testimony tended to show that he was with her on the day in question. It is well-settled that the testimony of the victim alone is sufficient to sustain a conviction. J.V. v. State, 766 N.E.2d 412, 415 (Ind. Ct. App. 2002). The testimony is considered sufficient even if it is confusing or contradictory, as determinations of that nature are within the province of the factfinder. Wagner v. State, 562 N.E.2d 421, 424 (Ind. Ct. App. 1990). Mendenhall's arguments are invitations to judge witness credibility and reweigh the evidence, neither of which we will do.
The judgment of the trial court is affirmed.
NAJAM, J., and FRIEDLANDER, J., concur.
NOTES
[1] Ind. Code § 35-42-2-1(a)(1)(A) (2008).