(807 P.2d 692)

No. 65,455

IN THE INTEREST OF B.S.

Opinion filed March 15, 1991.

*Michael G. Highland*, of Bonner Springs, for appellant.

*Frank E. Kohl*, county attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before REES, P.J., GERNON and LEWIS, JJ.

GERNON, J.: B.S., a minor, appeals from the trial court's denial of his motion to withdraw his admission in a juvenile proceeding.

B.S. was charged as a juvenile with indecent liberties with a minor. B.S. admitted his involvement on advice of his court-appointed counsel. B.S. later filed a motion to withdraw his admission. The court stated that, although B.S. was not informed of his rights as expressly required by K.S.A. 38-1633, the court was confident that B.S.' counsel had informed B.S. of his rights.

The relevant parts of K.S.A. 38-1633 state:

"(b) When the respondent appears with an attorney in response to a complaint, the court shall require the respondent to admit or deny the allegations stated in the complaint or plead *nolo contendere*, unless there is an application for and approval of a diversion program. Prior to making this requirement, the *court shall* inform the respondent of the following:

"(1) The nature of the charges in the complaint;

"(2) the right of the respondent to be presumed innocent of each charge;

"(3) the right to trial without unnecessary delay and to confront and cross-examine witnesses appearing in support of the allegations of the complaint;

"(4) the right to subpoena witnesses;

"(5) the right of the respondent to testify or to decline to testify; and

"(6) the dispositional alternatives the court may select as the result of an adjudication.

"(c) If the respondent admits the allegations contained in a complaint or pleads *nolo contendere, the court shall determine,* before accepting the admission or plea and entering an order of adjudication: (1) That there has been a voluntary waiver of the rights enumerated in subsections (b)(2), (3), (4) and (5); and (2) that there is a factual basis for the admission or the plea of *nolo contendere*." (Emphasis added.)

The record contains no mention that B.S. was informed of his rights under K.S.A. 38-1633(b). Instead, at the hearing on the motion to withdraw, the court stated that it was the "practice" of the court not to inform a juvenile of his or her rights, but instead to rely on the attorney appointed to represent the minor to inform the juvenile of those rights.

This practice may be well intended, but it does not comport with the statute. K.S.A. 38-1633(b) expressly requires the court to inform the minor of the information specifically contained in the statute.

Kansas courts have not interpreted this part of K.S.A. 38-1633(b), but have considered an analogous statute concerning informing an adult of his or her rights in criminal proceedings.

The Kansas Supreme Court stated in *State v. Browning*, 245 Kan. 26, 32, 774 P.2d 935 (1989), that "[i]f upon review of the entire record it can be determined that the pleas of guilty were knowingly and voluntarily made, the error resulting from failure to comply strictly with K.S.A. 22-3210 is harmless." Citing *Trotter v. State*, 218 Kan. 266, 269, 543 P.2d 1023 (1975).

Our reading of the parts of the record available in both *Trotter* and *Browning* leads us to conclude that the information given in both far exceeded the information given B.S.

This court addressed the voluntariness question and whether the record supported such a plea in *Clinkingbeard v. State*, 6 Kan. App. 2d 716, 717, 634 P.2d 159 (1981), citing *Trotter*, and concluded that "[t]he record before us fails to 'affirmatively disclose a knowing and voluntary plea.' "

Also in *Clinkingbeard*, we stated, "[B]ecause a guilty plea admits all elements of the crime charged, a voluntary guilty plea requires that the defendant understand those elements as they relate to the facts. *McCarthy v. United States*, 394 U.S. 459, 466, 22 L. Ed. 2d 418, 89 S. Ct. 1166 (1969)." 6 Kan. App. 2d at 717.

The trial court's reliance on B.S.' attorney to inform B.S. of his rights is insufficient and contrary to a clear reading of K.S.A. 38-1633. Therefore, we reverse and remand for further proceedings.