NOT DESIGNATED FOR PUBLICATION

No. 112,769
112,770

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

IN THE MATTER OF M. H.,

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, and J. PATRICK WALTERS, judges.
Opinion filed December 23, 2015. Appeal dismissed.

*Christopher S. O'Hara*, of O'Hara & O'Hara LLC, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Mark Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before ATCHESON, P.J., GARDNER, J., and BURGESS, S.J.

*Per Curiam*:  M.H. pleaded no contest in a juvenile case. Four years later, in an
adult case, M.H. moved to withdraw his plea in the juvenile case as well as his sentence
of 144 months in the adult case, which had been calculated in part based on criminal
history which included his juvenile offense. The district court denied his motion, finding
it lacked jurisdiction, and finding even if it had jurisdiction the motion was untimely. We
agree the district court lacked jurisdiction.

*Procedural background*

In January 2010, M.H., a juvenile at the time, pleaded no contest to burglary in
case no. 09-JV 1227. He was adjudicated as a juvenile offender and placed in out-of-

1

home placement. In November 2010, after M.H. served a 7-day sanction in jail for having briefly escaped from his placement, the district court discharged M.H. from its jurisdiction.

In October 2013, M.H., then an adult, pleaded no contest to two counts of aggravated indecent liberties with a child in case no. 12 CR 1639. Before being sentenced in the adult case, M.H. filed a motion to withdraw his plea in the juvenile case, apparently having realized its effect on his criminal history score. In February 2014, he filed an amended motion to withdraw his plea and an untimely notice of appeal in his juvenile case. That May, M.H. was sentenced in the adult case. M.H. requested a continuance until his motion to withdraw was ruled on, but the district court denied his request, noting that sentencing had already been delayed for months. M.H. objected to his criminal history score, which was partially based on a conviction resulting from his juvenile plea he was trying to withdraw. Ultimately, the district court sentenced M.H. to 144 months in prison.

Approximately 2 months after the sentencing in his adult case, a hearing was held on M.H.'s motion to withdraw his plea in the juvenile case at which M.H., his mother, and his father testified. After considering the arguments and the testimony, the district court denied M.H.'s motion. It determined that it lacked jurisdiction, and even if it did have jurisdiction, the motion to withdraw was untimely.

We now examine M.H.'s timely appeal from the denial of his motion to withdraw his plea in the juvenile case and his consolidated appeal from his sentence in the adult case. These two appeals were consolidated despite the State's objection that M.H. could not collaterally attack his prior conviction used for sentencing enhancement, absent a denial of counsel. See *State v. Delacruz*, 258 Kan. 129, Syl. ¶ 5, 899 P.2d 1042 (1995).

2

*Did the district court err in finding no jurisdiction?*

M.H. argues the district court erred when it found that it did not have jurisdiction to consider his motion to withdraw his plea.

*Standard of Review*

Whether jurisdiction exists is a question of law over which this court has unlimited review. *Frazier v. Goudschaal*, 296 Kan. 730, 743, 295 P.3d 542 (2013). If the district court lacked jurisdiction to consider the motion, this court does not acquire jurisdiction over the subject matter on appeal. *Ryser v. Kansas Bd. of Healing Arts*, 295 Kan. 452, 456, 284 P.3d 337 (2012). If an appellate court does not have jurisdiction, it must dismiss the appeal. *State v. Harp*, 283 Kan. 740, 746, 156 P.3d 1268 (2007).

*Discussion*

The applicable section of the revised juvenile justice code, K.S.A. 2014 Supp. 38-2304(d), generally states that once acquired, a district court's jurisdiction over a juvenile continues until:

"(1) The complaint is dismissed;
(2) the juvenile is adjudicated not guilty at trial;
(3) the juvenile, after being adjudicated guilty and sentenced:
(i) Successfully completes the term of probation or order of assignment to community corrections;
(ii) is discharged by the commissioner pursuant to K.S.A. 38-2376, and amendments thereto;
(iii) reaches the juvenile's 21st birthday and no exceptions apply that extend jurisdiction beyond age 21;
(4) the court terminates jurisdiction; or

(5) the offender is convicted of a new felony while the offender is incarcerated in a juvenile correctional facility pursuant to K.S.A. 2014 Supp. 38-1671, prior to its repeal, or K.S.A. 38-2373, and amendments thereto, for an offense, which if committed by an adult would constitute the commission of a felony."

Under K.S.A. 2014 Supp. 38-2304(e), a district court's jurisdiction may be extended until a juvenile becomes 23-years-old, so long as:

"(1) The juvenile offender is sentenced pursuant to K.S.A. 2014 Supp. 38-2369, and amendments thereto, and the term of the sentence including successful completion of aftercare extends beyond the juvenile offender's 21st birthday; or

(2) the juvenile offender is sentenced pursuant to an extended jurisdiction juvenile prosecution and continues to successfully serve the sentence imposed pursuant to the revised Kansas juvenile justice code."

Based on this statute, the district court did not have jurisdiction to hear M.H.'s motion to withdraw his plea because M.H. was over 21-years-old when he filed that motion and neither of the exceptions in subsection (e) applied that allow jurisdiction to continue until age 23. The district court terminated its jurisdiction on November 15, 2010. M.H. was 22 when he filed his motion to withdraw his plea. His juvenile sentence was to out-of-home placement in the juvenile justice authority's custody—not to a juvenile correctional facility. And the record fails to indicate that M.H. was sentenced pursuant to extended jurisdiction. Accordingly, the district court's jurisdiction over him ended when he turned 21 and did not continue until he turned 23. K.S.A. 2014 Supp. 38-2304(e); K.S.A. 2014 Supp. 38-2369. Therefore, the district court correctly found it lacked jurisdiction to consider M.H.'s motion to withdraw his plea in his juvenile case. *Cf. In re Elnicki*, No. 107,107, 2013 WL 1444366 (Kan. App. 2013) (unpublished opinion) (finding no jurisdiction over 33-year old's motion to withdraw his plea in a juvenile case based on K.S.A. 2011 Supp. 38-1604).

4

M.H. contends that the district court had jurisdiction because the adult plea withdrawal statute has been applied in juvenile cases, citing *In re P.L.B.*, 40 Kan. App. 2d 182, 188, 190 P.3d 274 (2008). But there, the district court had jurisdiction because no showing was made that the movant had aged out of the juvenile system, and the issue was whether the juvenile court could entertain any motion to withdraw a plea. That case has no bearing here.

Finally, M.H. argues that this court should apply the rule of lenity, claiming that if a statute has two reasonable interpretations, this court should apply the one that favors him. But in making this claim, M.H. contends that K.S.A. 22-3210 (the adult plea withdrawal statute) should apply in his juvenile case. He makes no rule of lenity argument regarding K.S.A. 2014 Supp. 38-2304, the applicable statute regarding jurisdiction.

*Use of juvenile sentence in calculating criminal history for an adult offense*

M.H. additionally contends that he was not sentenced correctly in his adult prosecution, 12 CR 1639. But his argument is solely that "[a]ssuming this Court . . . grants MJH's request to withdraw his plea, then his sentence in [his adult case] must be vacated." Having ruled that the district court lacked jurisdiction over his motion to withdraw his plea, we need not reach, and do not reach, this conclusory and unsupported assertion.

Appeal dismissed.